FILED
AUG 0 1 2019
Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEN POURBABI, )
)
      Plaintiff, )
v. ) Civil Action No. 19-1865 (UNA)
)
BRIAN F. KENNEY, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. Generally, the plaintiff challenges the jurisdiction of the United States Bankruptcy Court for the Eastern District of Virginia and the validity of court orders and actions of the bankruptcy trustees which, in effect, facilitated the disposition of the plaintiff's assets pursuant to the divorce decree obtained by the plaintiff's former spouse in the Fairfax County Circuit Court. The plaintiff asks this Court to dismiss bankruptcy petitions filed on his behalf in the Eastern District of Virginia and to award him damages of $2 million. The Court will dismiss the complaint in its entirety.

Because the bankruptcy judge is immune from suit, the plaintiff's claims against Judge Kenney must be dismissed. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987) (affirming district court's ruling that bankruptcy judges had absolute judicial immunity from money damages); *Jung v. Bank of Am., N.A.*, No. 18-cv-962, 2018 WL 6680579, at *4 (D.D.C. Dec. 19, 2018) (dismissing "all claims against the Pennsylvania state judges and U.S. Bankruptcy Judge . . . on grounds of absolute immunity), *appeal docketed*, No. 19-7049 (D.C. Cir. May 29, 2019); *Surani v. U.S. Bankr. Court*, No. 13-cv-931, 2013 WL 3279265, at *2 (D.D.C. June 28, 2013) ("Plaintiffs cannot possibly prevail here because the

Complaint is based on the actions of the bankruptcy court judge, and the judge is entitled to judicial immunity."). The plaintiff's claims against the bankruptcy trustees, all of whom were acting in their official capacities, must be dismissed because sovereign immunity bars these claims. *Surani*, 2013 WL 3279265, at *1; *Taylor v. U.S. Bankruptcy Court*, No. 3:03 3:03-4117-2, 2004 WL 3217865, at *1 (D.S.C. Aug. 26, 2004) ("In this case, Defendants United States Bankruptcy Court and United States Trustee are agencies of the United States and are therefore entitled to sovereign immunity from suit."). Insofar as the plaintiff sues the trustees in their individual capacities, each is protected by quasi-judicial immunity. *See Mullis*, 828 F.2d at 1390-91. Lastly, this federal district court is without jurisdiction to entertain an appeal of a ruling of the U.S. Bankruptcy Court for the Eastern District of Virginia. *See* 28 U.S.C. § 158(a).

The Court will grant the plaintiff's application to proceed *in forma pauperis*, dismiss the complaint, and deny the plaintiff's motion for injunctive relief. An Order is issued separately.

DATE: July 23, 2019

United States District Judge